UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JEFFERY TODD HENSON                                                         PLAINTIFF
Reg #23187-026

V.                            No. 2:22-CV-00200-JM-JTR

MAHARAJ ALEJANDRO TOMAR,
Doctor/Clinical Director,
FCI-Forrest City Low, *et al*.                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Jeffery Todd Henson ("Henson"), a prisoner in the Forrest City Low Federal Correctional Institution ("FCI-FC Low"), has filed a *pro se Bivens*[1]

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

action alleging that Defendants violated his constitutional rights. *Doc. 2*. Before Henson may proceed with this action, the Court must screen his claims.[2]

## II. Discussion

Henson alleges that he suffers from sleep apnea but has not received adequate medical care for this condition, since arriving at FCI-FC Low in March of 2022. *Doc. 2 at 6*. He alleges that, after his medical appointments were repeatedly delayed and/or cancelled, he began "taking administrative remedies." *Id*.

On October 5, 2022, Henson filed a separate *Bivens* action asserting, among other claims, an inadequate medical care claim against Dr. Maharaj Alejandro Tomar ("Dr. Tomar"), the FCI-FC Low Clinical Director.[3] *Id*. Then, on October 9, 2022, Henson wrote the Arkansas State Medical Board asking them "to investigate/discipline Dr. Tomar." *Id. at 13*.

According to Henson, on October 26, 2022, Dr. Tomar issued "a retaliatory incident report against [him], for no reason." *Id. at 6*. Henson filed the instant *Bivens* action alleging that "Defendant [Dr.] Tomar is retaliating against [him] for

---

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[3] *See Henson v. Tomar, et al.*, Case No. 2:22-cv-00195-LPR-JTK (E.D. Ark.).

exercising [his] administrative remedies, filing a complaint with the Arkansas Medical Board, and filing a 1983 [sic] federal lawsuit." *Id*.

The United States Supreme Court recently considered whether a First Amendment retaliation claim was cognizable under *Bivens*. *See Egbert v. Boule*, --- U.S. ---, 142 S.Ct. 1793 (June 8, 2022). The Court noted that it had "never held that *Bivens* extends to First Amendment claims" and, therefore, had to decide whether *Bivens* should extend to this "new context." *Id.* at 1807 (quoting *Reichle v. Howards*, 566 U.S. 658, 663, n.4 (2012) and *Ziglar v. Abbasi*, 582 U.S. ---, 137 S.Ct. 1843, 1860 (2017)). Ultimately, the Court "h[e]ld that there is no *Bivens* action for First Amendment retaliation." *Egbert*, 142 S.Ct. at 1807 ("Now presented with the question whether to extend *Bivens* to this context, we hold that there is no *Bivens* action for First Amendment retaliation.").

Accordingly, Henson's First Amendment retaliation claim against Dr. Tomar should be DISMISSED, WITH PREJUDICE.

Henson's Complaint also names FCI-FC Low Warden John P. Yates ("Yates") and Federal Bureau of Prisons Director Collette Peters ("Peters") as Defendants, but he does not make any factual allegations about either of them. *Doc. 2*. Accordingly, Henson has not stated a claim against Yates or Peters, and they should be DISMISSED, WITHOUT PREJUDICE. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, to state a viable *Bivens* claim, a prisoner "must

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Finally, Henson's Complaint vaguely states that the following provisions are at issue in this case: (1) "Equal Protection;" (2) "Due Process;" (3) "5th Amendment;" (4) "6th Amendment;" (5) "14th Amendments;" (6) "28 CFR § 115.67;" (7) "42 U.S.C. [§] 1997;" and (8) "Standard 23-5.5." *Doc. 2 at 3*. These vague, unsupported references are *wholly* insufficient to state a claim, and, therefore, should be DISMISSED, WITHOUT PREJUDICE. *See Iqbal*, 556 U.S. at 678 (explaining that "labels and conclusions," and "naked assertions devoid of further factual enhancement" are insufficient to plead a claim; and instead, a plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Henson's First Amendment Retaliation claim against Dr. Tomar be DISMSSED, WITH PREJUDICE.

2. All of Henson's other claims be DISMISSED, WITHOUT PREJUDICE.

3. The dismissal of this action be counted as a "STRIKE" for purposes of 28. U.S.C. § 1915(g).

DATED this 27th day of December, 2022.

                                                                                            _____
                                                                                            UNITED STATES MAGISTRATE JUDGE